Filed 11/29/23  P. v. Ortiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOSE LUIS ORTIZ,

    Defendant and Appellant.

E081820

(Super.Ct.No. RIF72650)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jose Luis Ortiz filed a petition for resentencing pursuant to Penal Code section 1172.6,[1] which the court denied.  After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we independently review the record for error, and identifying one potentially arguable issue:  whether the court erred in determining that defendant had failed to make a prima facie case for relief.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[2]  Defendant alleges that he is not guilty of the attempted murder conviction of which the jury convicted him, that he is no longer the same person he was when the jury convicted him, that he has served the amount of prison time that he deserved, and that he is now someone "who would be a benefit to society."  Defendant requests that we appoint him counsel, that we look "deeply at [his] issues," and that he be resentenced.  We affirm.

---

[1]  All further statutory references will be to the Penal Code.

[2]  "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

# I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In a dispute between a friend and the victim over an air compressor, defendant showed his support for his friend by shooting at the victim with an assault rifle. Out of the 13 or so bullets defendant fired, three struck the victim. The victim lived, but lost most of the use of his right arm and hand. (*Ortiz*, *supra*, E021315.)

On August 21, 1997, a jury found defendant guilty of attempted first degree murder (§§ 664, 187, count 1) and being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 3). The jury additionally found true allegations that defendant personally used a firearm (§ 12022.5, subd. (a)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the count 1 offense. The court thereafter found true allegations defendant had suffered a prior serious felony conviction (§ 667, subd. (a)) and prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12). The court sentenced defendant to a term of imprisonment of 68 years to life. (*Ortiz*, *supra*, E021315.)

Defendant appealed contending defense counsel rendered constitutionally ineffective assistance by failing to object to certain items of evidence, that the court erred by admitting an unavailable witness's preliminary hearing testimony, that the court erred in failing to instruct on accomplice testimony, and that the court erred by imposing a separate sentence for his count 3 offense. This court rejected all defendant's arguments. (*Ortiz*, *supra*, E021315.)

---

[3] We take judicial notice of our prior opinion from defendant's appeal from the original judgment. (*People v. Ortiz* (Mar. 17, 1999, E021315) [nonpub. opn.].) We take our factual recitation from *Ortiz*.

However, the People pointed out a sentencing error. Thus, this court modified the sentence to 48 years to life and affirmed the judgment as modified. (*Ortiz*, *supra*, E021315.)

On February 21, 2023, defendant filed a form petition for resentencing pursuant to section 1172.6. At a prima facie hearing on July 28, 2023, counsel for the People noted they had obtained the court file, including all the jury instructions that they had given to defense counsel: "Aiding and abetting was given in this case, but only directly [] aiding and abetting. No natural and probable consequences theory, no felony murder theory, and there was no other theory by which malice could be imputed to the defendant, such as uncharged conspiracy, conspiracy to commit an offense other than murder, or implied malice, group beating, things of that nature. No theory by which malice could be imputed to the defendant from any other individual was given."

Defense counsel responded, "I have had a chance to read and review the jury instructions. I'll submit." The trial court asked of defense counsel, "do you agree with [the People's] characterization of those jury instructions?" Defense counsel responded, "Yes. He is accurate." The court denied the petition.

## II. DISCUSSION

Defendant alleges that he is not guilty of the attempted murder conviction of which the jury convicted him, that he is no longer the same person he was when the jury convicted him, that he has served the amount of prison time that he deserved, and that he is now someone "who would be a benefit to society." Defendant requests that we appoint

4

him counsel, requests that we look "deeply at [his] issues," and requests that he be resentenced. We affirm.

"Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Here, defendant failed to make a prima facie case for relief below. Moreover, none of the "issues" defendant raises are cognizable on appeal from the denial of a section 1172.6 petition. We already appointed counsel for defendant, who determined there were no "viable issues" to be raised on appeal. Thus, we affirm the order denying defendant's petition.

### III.  DISPOSITION

The court's order dismissing the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
Acting P. J.

We concur:

CODRINGTON _____
J.

RAPHAEL _____
J.